IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOLLY REED REINECKE, | ) | CASE NO. 1:13-CV-01690 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| CAROLYN W. COLVIN | ) | |
| Acting Commissioner | ) | MEMORANDUM OPINION |
| of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and recommendation of Magistrate Judge Vecchiarelli. The Magistrate Judge recommends that the Court uphold the Commissioner of Social Security Administration's decision and deny Plaintiff's claims for Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under 42 U.S.C. §§ 416(i), 423. The Court concludes that substantial evidence supports the decision of the Administrative Law Judge ("ALJ"), and therefore, the Report and Recommendation (ECF # 14) issued on April 28, 2014 is hereby ADOPTED.

### Factual and Procedural Background

Plaintiff, Holly Reinecke, suffers from recurrent episodes of gastrointestinal problems dating back to March 25, 2003. Roughly once every other month, she has bouts of diarrhea lasting for one week at a time. In between these bouts, she has sporadic diarrhea once or twice a week. In addition, her condition causes her to suffer from abdominal cramps, vomiting, fever,

1

nausea, enteritis, bloody stool, and fatigue. Her treating physician, Dr. Shemisa, believes these symptoms are stress-induced and that Plaintiff is unable to work consistently.

Plaintiff worked full-time as a production data coordinator for Curtis Wright Flow Control Engineering (Curtis Wright) until September, 2009, when she quit. She returned to Curtis Wright in October, 2011, though, only as a part-time employee working 15-25 hours. She claims that her recurring diarrhea was the biggest problem that prevented her from working full-time. In addition, her recurring diarrhea caused her to miss "a lot" of work days. (Transcript 38).

Plaintiff described her work as "very stressful." (Transcript 36, 42-43). Her job involved a lot of "deadline" work, customer service, as well as handling requests from every segment of the company. (Transcript 43). Upon returning to work in 2011, Plaintiff tried to avoid these aspects of her job so as to not trigger her stress-induced conditions.

As part of the Social Security Agency's investigation, it had Plaintiff visit Dr. Shadchehr. Dr. Shadchehr concluded that Plaintiff was not disabled and that she could work a normal eight-hour workday. In addition, the Vocational Expert testified at Plaintiff's hearing that her work for Curtis Wright provided her skills in two areas: (1) data entry clerk, and (2) customer complaint clerk. The Vocational Expert further testified that these skills were transferable to other jobs and that Plaintiff was not disabled. The ALJ thus denied Plaintiff's claim for DIB and POD. Plaintiff then appealed the ALJ's decision to this Court, objecting that Curtis Wright did not provide her with transferable skills.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are

made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. The Commissioner's conclusion must be affirmed "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. Tenn. 2005) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. Mich. 2004)). Substantial evidence is evidence that a "reasonable mind might accept... as adequate to support a conclusion." *Id*. If substantial evidence exists to support the Commissioner's conclusion, this court must affirm that conclusion "even if there is substantial evidence... that would have supported the opposite conclusion." *Id*.

## Discussion

Plaintiff makes only one objection: the ALJ erred in identifying public interaction, responding to inquiries, and providing accurate information as transferable skills. Plaintiff argues that these are not skills acquired from Curtis Wright, but they are traits or aptitudes innate to her person. In contrast, skills require a "combin[ation of] knowledge with coordinated physical movements."

An individual near retirement age (sixty and older) who is limited to light work will be found capable of making an adjustment to other work if she has skills transferrable to other

skilled or semi-skilled work. 20 C.F.R. § 404.1568(d)(4). "Skills relate to 'vocationally significant relevant work activities,' while aptitudes involve only 'basic work activities'… necessary to do most jobs." *Ellington v. Sec. of Health and Human Servs.*, 738 F.2d 159, 161 (6th Cir. 1984) (quoting *Blake v. Sec of Health and Human Servs.*, 528 F. Supp. 881, 885 (E.D. Mich. 1981). Transferable skills refer to "learned abilities which combine knowledge with coordinated physical movements, such as operating a typewriter, or a learned mental discipline, or an area of expertise." *Ellington*, 738 F.2d at 161.

Here, in addition to Plaintiff's work responding to inquiries and providing accurate information, she was responsible for production structure coordination and typing specifications so that machines could design parts. Indeed, she acknowledges that she obtained "some clerical level of skill" in her objections. These additional requirements lead the Vocational Expert to conclude that her data entry duties were most analogous to a data entry clerk occupation, which is considered a semi-skilled occupation. SSR 82-41 reports:

> A semiskilled general office clerk (administrative clerk), doing light work, ordinarily is equally proficient in, and spends considerable time doing, typing, filing, tabulating and posting data in record books, preparing invoices and statements, operating adding and calculating machines, etc. These clerical skills may be readily transferable to such semiskilled sedentary occupations as typist, clerk-typist and insurance auditing control clerk.

Further, Plaintiff understates the duties she performed. She acknowledged that her previous work required skills in writing, completing reports, answering phones, problem solving, purchasing, and computer data entry. In fact, she has stated that her prior work involved "quite a bit of problem solving." (Transcript 36). Learning the nuances of working with Curtis Wright's customers and answering their questions was not an innate aptitude, but knowledge that she learned over time. Therefore, the ALJ appropriately found that these were skills consistent with

the Dictionary of Occupational Titles. Since the ALJ's decision was supported by substantial evidence, it will not be overturned even if substantial evidence supports an opposite conclusion.

## Conclusion

For the reasons stated in the Memorandum Opinion filed contemporaneously herewith, the Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Vecchiarelli (ECF # 14). The decision of the Commissioner of the ALJ denying Plaintiff's claims for Period of Disability and Disability Insurance Benefits under 42 U.S.C. §§ 416(i), 423 is AFFIRMED.

This case is hereby TERMINATED.

IT IS SO ORDERED

_____
DONALD C. NUGENT
United States District Judge

DATED: July 3, 2014